**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KAILASH CHANDRA CHAUDHARY, Ph. D., | No.    18-16077 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02292-EJD |
| v. | MEMORANDUM* |
| GIRDHARI S. GUPTA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Kailash Chandra Chaudhary, Ph.D., appeals pro se from the district court's

judgment dismissing his action alleging claims relating to the termination of his

parental rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a dismissal under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2003). We affirm.

The district court properly dismissed Chaudhary's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claims are a "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("[The] *Rooker-Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."); *Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that *Rooker-Feldman* bars "inextricably intertwined" claim where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Because we affirm for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, we treat the dismissal of the action as being without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).

18-16077

We treat Chaudhary's motion to consider additional facts from his state habeas corpus proceedings (Docket Entry No. 3) as a motion to take judicial notice of the attached February 6, 2004 order from the Santa Clara Superior Court, and deny the motion. Chaudhary's second request for appointment of counsel, set forth in Docket Entry No. 3, is denied.

**AFFIRMED.**